418 So.2d 741 (1982)
LANDURA CORPORATION OF LOUISIANA
v.
Lloyd LEGE, d/b/a Marrero Paint & Decorating Company.
No. 5-63.
Court of Appeal of Louisiana, Fifth Circuit.
August 4, 1982.
Michael E. Katz, Roberts, Katz & Butnick, New Orleans, for Landura Corp. of Louisiana, plaintiff-appellant.
Nathan Greenberg, Greenberg & Dallam, Gretna, for Lloyd Lege, d/b/a Marrero Painting & Decorating Co., defendant-appellee.
Before BOUTALL, GRISBAUM and DUFRESNE, JJ.
BOUTALL, Judge.
This appeal is taken by a contractor against a sub-contractor for damages resulting from the non-performance by the sub-contractor. The sub-contractor claims that it was not obligated for the work under the proposal in question. The trial court agreed, and we affirm.
Landura Corporation of Louisiana, Inc., was the contractor in the process of building apartments in Raceland, Louisiana, when it sought a bid from the defendant, Lloyd Lege, d/b/a Marrero Painting and Decorating Company, to perform certain painting and sheet-rock services at the project. In accordance with that request, Marrero Painting and Decorating Company offered a written proposal on September 1, 1977, which Landura says it accepted on the same date, but no formal contract or sub-contractor's agreement was ever entered into by the parties. Some five months later, when Landura called upon Marrero Painting to perform the services described in the proposal, Marrero Painting declined to do so because of the lapse of time and the nonexistence of a formal agreement. Although there is some discrepancy in the facts concerning the parties' attempts to come to an agreement so that work could be completed, Landura eventually contracted another sub-contractor to perform the necessary work. Landura argues that because of the greater costs in having the work done by another sub-contractor, Marrero Painting is liable for that increase in costs plus other damages.
In order to correctly decide upon this case, two issues must be confronted. Was there a binding contract, and, if so, is it reasonable to hold a sub-contractor bound by his proposal for a period of five months when no time has been specified in the *742 contract? On the question of the existence of a contract, the written proposal by Marrero Painting contained the provision:
"Note: This proposal may be withdrawn by us if not accepted within 30 days."
The document shows on its face an acceptance by Landura. However, nowhere in the proposal is there a provision stating when the work is to start or when it is to be completed. There is a direct conflict in the testimony as to whether Lege was notified of Landura's acceptance and when he was notified to sign a formal contract and start work. It is undisputed that no formal contract was ever entered into between the contractor and subcontractor. The trial court determined that both parties contemplated such a contract by either a formal written contract or sub-contractor's agreement. The record shows that Landura usually entered into a sub-contract's agreement with its sub-contractors and it appears that Lege anticipated to have such an agreement forthcoming. The trial court considered these facts and obviously made a credibility determination on the conflicting testimony in concluding that Lege was never presented a contract to sign. It found that no building contract was ever entered into by the parties. We do not find those conclusions to be clearly erroneous. Nevertheless, the appellant argues that no parol evidence should have been allowed because the proposal was unambiguous. We agree with the trial court in allowing this evidence to be admitted because the basic issue, i.e., the time of doing the work, is not shown by the proposal.
If we were to determine that the proposal submitted by Marrero Painting was a binding contract, then the question of reasonableness of the time period between the acceptance of the proposal and the time when Marrero Painting was called upon to begin work becomes significant. The appellant argues that a contractor can rely on the bids or proposals made by sub-contractors; but the obligation of the sub-contractor is conditioned upon either a specified time period or a reasonable time period when none is specified. In this instance, if the proposal was found to be binding, then the sub-contractor would only be bound for a reasonable period of time. The appellant cites the case of W. M. Heroman & Co., Inc. v. SAIA Electric, Inc., 346 So.2d 827 (La. App. 1st Cir. 1977), which held that a period of three months was a reasonable time period for a contractor to rely on a sub-contractor's bid. However, under the facts found here, the passage of time from the date the proposal was accepted was several months longer than three months. Accordingly, we find that the passage of time was unreasonable.
In summary, we find no error in the credibility decision made by the trial court and affirm his conclusion of the lack of a contract existing between the parties. Additionally, the time between the proposal and the date when the sub-contractor was to perform is unreasonable. The judgment is affirmed.
AFFIRMED.